UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAEED W.[1],

                          Plaintiff,                Case 16-CV-141-FPG

v.                                                        DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

Saeed W. brought this appeal of the Social Security Administration's ("SSA") decision to deny his disability benefits. ECF No. 1. On September 16, 2016, the Court issued a Stipulation and Order reversing the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 11. Thereafter, the Court entered a stipulation awarding Plaintiff's attorney $5,708.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 14.

On September 10, 2020, the SSA issued a Notice of Award granting Plaintiff disability benefits and withholding $10,872.75—25% of his past due benefits—to pay his attorney. ECF No. 15-2 at 2. On September 25, 2020, Plaintiff moved for $10,872.75 in attorney's fees under 42 U.S.C. § 406(b).[2] ECF No.15.

For the reasons that follow, Plaintiff's motion is GRANTED, Plaintiff's attorney, Brandi Smith, Esq., is awarded $10,872.75 in fees, and Ms. Smith shall remit the EAJA fees to Plaintiff.

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security decisions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only Plaintiff's first name and last initial.

[2] The Commissioner objects to the timeliness of counsel's request for attorney's fees. ECF No. 18.

      of 25 percent of the total of the past-due benefits to which the claimant is entitled
by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

      Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

      After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase her fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

      Before determining the reasonableness of the fee request, the Court first addresses the issue of timeliness. Under *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the limitations period for filing a motion under § 406(b) is found in Federal Rule of Civil Procedure 54(d)(2)(B). *See Sinkler*, 932 F.3d at 87-88. That rule requires that a motion for attorney's fees be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Where the "judgment" in question is a remand for further administrative proceedings, the limitations period is subject to equitable tolling until the "conclusion of the remand proceedings." *Sinkler*, 932 F.3d at 86. Tolling is necessary because "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the

amount of an as-yet-unknown benefits award." *Id*. at 88. "Once counsel receives notice of the benefits award"—and therefore "the maximum attorney's fees that may be claimed"—the fourteen-day period starts, "just as it would apply to any other final or appealable judgment." *Id*. Furthermore, district courts are "empowered to enlarge that filing period where circumstances warrant." *Id*. at 89.

Under these circumstances, the Court will not reject Plaintiff's motion as untimely. The Notice of the Award was mailed to Plaintiff on September 10, 2020. *See* ECF No. 15-4 at 1. Plaintiff's counsel filed the motion on September 25, 2020, fifteen days after the Notice of Award was mailed. ECF No. 15. But adding the Rule 60(d) three-day mailing period to the fourteen-day Rule 54(d)(2)(B) period results in a due date of Sunday, September 27, 2020. Thus, the due date fell to Monday, September 28, 2020.

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, the SSA awarded Plaintiff $43,491.00 in past due benefits, and, therefore, counsel's request for $10,872.75 in attorney's fees does not exceed the statutory cap. ECF No. 15-2 at 2.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved because Plaintiff obtained remand with non-boilerplate arguments, ECF No. 10, which ultimately led to a favorable decision awarding him benefits. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Here, Plaintiff's counsel spent 29.45 hours in connection with the appeal to this Court. ECF No. 15-1 at 4. Dividing

the $10,872.75 fee requested by 29.45 hours yields an hourly rate of $369.19. This Court has found far higher rates reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf. *See McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1,051.64).

Accordingly, the Court concludes that the requested fee award is reasonable. Furthermore, counsel must refund the EAJA fees to Plaintiff, which she states were offset by the Treasury Offset Program to pay government or government-backed debts, and those fees were never received by counsel. ECF No. 15-1 at 3.

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 15) is GRANTED and Plaintiff's counsel is awarded $10,872.75 in fees. The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award. After counsel receives the § 406(b) fee, she must remit the EAJA fees to Plaintiff.

IT IS SO ORDERED.

Dated: September 15, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York